Stephen D. FREEMAN, Lorraine
A. Fairchild, Plaintiffs,

v.

Allen P. FALLIN et al., Defendants.

Civ.A. No. 02–0386 (RMU).

United States District Court,
District of Columbia.

Oct. 24, 2002.

Stephen D. Freeman, Lorraine A. Fairchild, Norco, CA, pro se plaintiffs.

Gail Perry, Office of United States Attorney for District of Columbia, Sandy Keith, Office of Inspector General, United States Environmental Protection Agency, Washington, DC, for defendants.

### MEMORANDUM ORDER

URBINA, District Judge.

#### DIRECTING THE PLAINTIFFS TO PERFECT SERVICE OF PROCESS

### I. INTRODUCTION

This *Bivens* action comes before the court on the defendants' motion to dismiss. The *pro se* plaintiffs, Stephen D. Freeman and Lorraine A. Fairchild ("the plaintiffs"), are former criminal investigators with the Office of the Inspector General ("OIG") of the United States Environmental Protection Agency ("EPA"). The plaintiffs allege that various OIG and Department of Defense officials [1] (collectively, "the defendants") manipulated EPA's random drug-testing procedures to target them for testing, thereby violating their Fourth Amendment rights to freedom from unreasonable search and seizure. Compl. ¶ 38, 46, 56, 66. In response, the defendants filed a motion to dismiss that alleges, *inter alia*, insufficient service of process. Defs.' Mot. to Dismiss at 2, 14–17.

### II. DISCUSSION

Because a *Bivens* action seeks damages against federal officials in their individual capacities, defendants in a *Bivens* action

---

1. The five officials named by the plaintiffs are Allan P. Fallin, former Assistant Inspector General for Investigations, OIG; John C. Jones, Assistant Inspector General for Management, OIG; Emmett D. Dashiell, Jr., Deputy Assistant Inspector General, OIG; Mark Bialek, Counsel to the Inspector General, OIG; and Arthur L. Hymons, Criminal Investigator, Defense Criminal Investigative Services, Department of Defense.

must be served as individuals under Rule 4(e). *Simpkins v. Dist. of Columbia,* 108 F.3d 366, 369 (D.C.Cir.1997); *Robertson v. Merola,* 895 F.Supp. 1, 3 (D.D.C.1995).

To serve an individual defendant under Rule 4(e)(1), a plaintiff must look to the law of the state in which the district court is located. FED.R.CIV.P. 4(e)(1); *Haldane v. Crockford,* 1998 WL 419617, at *2–3 (D.D.C. Apr. 23, 1998). A plaintiff before this court therefore must comply with the service of process requirements of the District of Columbia. *Lennon v. McClory,* 3 F.Supp.2d 1461, 1462 (D.D.C.1998). Under District of Columbia law, a plaintiff may effect service by mailing a copy of the summons, complaint, and initial order by certified mail, return receipt requested, to the intended defendant. D.C. R. Civ. P. 4(c)(3); *Lennon,* 3 F.Supp.2d at 1462. If the return receipt is not signed by the intended defendant, the affidavit accompanying the receipt must provide the court with specific facts from which it can determine that the signatory "meets the appropriate qualifications for receipt of process"—namely, is a person of suitable age and discretion residing at the individual's place of residence, or is an agent authorized to receive process. D.C. R. Civ. P. 4(*l*)(2), 4(e)(2); *Lennon,* 3 F.Supp.2d at 1462. To effect service of process under Rule 4(e)(2), which does not refer to state law, a plaintiff must personally deliver a copy of the summons and complaint to the intended defendant, a person of suitable age and discretion residing at the intended defendant's place of residence, or an agent authorized by appointment or by law to receive service of process. FED.R.CIV.P. 4(e)(2); *Haldane,* 1998 WL 419617, at *2.

In this case, the plaintiffs have not perfected service of process under Rule 4(e)(1) or (2) on three of the five intended defendants. The parties agree that defendant Dashiell was served by certified mail when his wife signed for the mailing. Aff. of Serv. on Emmett D. Dashiell, dated Mar. 26, 2002; Pls.' Opp'n to Defs.' Mot. to Dismiss ("Pls.' Opp'n") at 5; Defs.' Mot. to Dismiss at 16. Likewise, defendant Hymons was served when he personally received a copy of the summons and the complaint from a private investigator. Return of Service on Arthur L. Hymons, dated Mar. 26, 2002; Pls.' Opp'n at 5. The return receipts that purport to show service upon Jones and Bialek are signed not by the intended defendants, however, but by an unidentified person at OIG. Receipt Accompanying Aff. of Service on John C. Jones, dated Apr. 2, 2002; Receipt Accompanying Aff. of Service on Mark Bialek, dated Mar. 26, 2002; Defs.' Mot. to Dismiss at 17; Pls.' Opp'n at 5. The plaintiffs' accompanying affidavits do not provide the court with the specific facts that would enable it to determine whether the signatory "meets the appropriate qualifications of receipt of process." *Id.;* D.C. R. Civ. P. 4(*l*)(2); *see also Alexander v. Polinger Co.,* 496 A.2d 267, 270 (D.C. 1985) (stating that returns should "recit[e] the particular details of the efforts to make personal service"). Finally, there is nothing in the record that indicates service upon Fallin. Defs.' Mot. to Dismiss at 17.

■ Generally, the failure to perfect individual service is fatal to a *Bivens* action. *Deutsch v. U.S. Dep't of Justice,* 881 F.Supp. 49, 52 (D.D.C.1995) (citing *Pollack v. Meese,* 737 F.Supp. 663, 666 (D.D.C.1990)). As the D.C. Circuit has noted, however, "[p]ro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." *Moore v. Agency for Int'l Dev.,* 994 F.2d 874, 876 (D.C.Cir.1993) (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). In this case, the *pro se* plaintiffs attempted but failed to effect service upon three of the five intended defendants. Aff. of Serv. on Emmett D. Dashiell, dated Mar. 26, 2002; Return of Serv. on Arthur L. Hymons, dated Mar. 26, 2002; Receipt Accompanying Aff. of Serv. on John C. Jones, dated Apr. 2, 2002; Receipt Accompanying Aff. of Serv. on Mark Bialek, dated Mar. 26, 2002. The court therefore will grant the plaintiffs a brief extension of time to perfect service upon Jones, Bialek, and Fallin. FED. R. CIV. P. 4(m); *e.g., Moore,* 994 F.2d at 877; *Thompson v. Jasas Corp.,* 212 F.Supp.2d 21, 29 (D.D.C.2002). After that time period, the court will consider the remaining issues raised by the defendants' motion to dismiss with regard to those defendants properly before the court.

Accordingly, it is by the court this ___ day of October, 2002,

**ORDERED** that the plaintiffs, if they so choose, may perfect service of process by no later than November 13, 2002. If the plaintiffs fail to perfect process by that date, the court will dismiss the claims against those individuals not properly served.

**SO ORDERED.**