Jouko M. HILSKA, Plaintiff,

v.

Boisfeuillet JONES Jr. et al., Defendants.

Civil Action No. 02–1042 (RMU).

United States District Court,
District of Columbia.

July 11, 2003.

7. An order consistent with the Court's ruling accompanies this Opinion.

Jouko M. Hilska, Helsinki, FN, pro se.

Eric Neil Lieberman, Washington, DC, Daniel Karp, Allen, Karpinski, Bryant & Karp, Baltimore, MD, for Defendants.

Robert Ernest Leidenheimer, Jr., Mark E. Nagle, U.S. Attorney's Office, Washington, DC, for Federal Defendants.

## MEMORANDUM OPINION

URBINA, District Judge.

DENYING DEFENDANT JONES'S MOTION TO DISMISS; DIRECTING THE PLAINTIFF TO PERFECT SERVICE ON DEFENDANT JONES AND FOREIGN DEFENDANT SANÉ; GRANTING THE FEDERAL DEFENDANTS' MOTION TO DISMISS AS TO FEDERAL DEFENDANT DUFRENSE BUT DENYING THE MOTION AS TO THE OTHER FEDERAL DEFENDANTS; GRANTING THE FEDERAL DEFENDANTS' ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT; AND DIRECTING THE PLAINTIFF TO CLARIFY THE JURISDICTIONAL GROUNDS AS RELATED TO THE FOREIGN DEFENDANTS

### I. INTRODUCTION

This matter comes before the court on certain defendants' motions to dismiss the *pro se* plaintiff's complaint. Defendant Boisfeullet Jones Jr. seeks dismissal of the claims

against him pursuant to Federal Rule of Civil Procedure 12(b)(5) or (6). Defendants President George W. Bush, Attorney General John Ashcroft, Senator Hillary Rodham Clinton, former President William J. Clinton, United States Immigration Judge Jill H. Dufrense, and Immigration and Naturalization Service ("INS") Deportation Officer Judy Thomas[1] (collectively, "the federal defendants") ask the court to dismiss the claims against them pursuant to Rules 8(a) and 12(b)(6). In the alternative, the federal defendants want the plaintiff to provide a more definite statement of his claims under Rule 12(e). In light of the plaintiff's failure to properly effect service on defendant Jones and the relaxed procedural requirements accorded to *pro se* litigants, the court directs the plaintiff to perfect service on defendant Jones and denies defendant Jones's motion to dismiss. Because the record indicates that the plaintiff has not effected service on foreign defendant Pierre Sané, the court directs the plaintiff to perfect service on him as well. In addition, the court grants the federal defendants' motion to dismiss as to federal defendant Dufrense but denies their motion as to the other federal defendants. The court grants the federal defendants' alternative motion for a more definite statement, however, to ensure that the federal defendants remaining in the action have sufficient knowledge of the claims against them. On a final note, the court instructs the plaintiff to clarify the grounds for asserting this court's jurisdiction over all of the foreign defendants except for foreign defendant Sané.

## II. BACKGROUND

### A. Factual Background

In bringing this action, the *pro se* plaintiff, a native and citizen of Finland, seeks compensatory relief from the federal defendants; the foreign defendants, including former Secretary General of Amnesty International Pierre Sané of Senegal;[2] and defendant Jones, the publisher of the Washington Post.[3] Compl. at 1-3, 7.

The plaintiff alleges, *inter alia*, that the defendants are responsible for various misdeeds including "suppression of matters, destroying documents, blackmailing, organizing illegal action, . . . extortion, neglecting one's duty, . . . illegal imprisonment, assault[ ], . . . and falsifying documents." *Id.* at 4. The plaintiff also claims that the INS wrongfully deported him from the United States. *Id.* at 6. In addition, the plaintiff promises that if the court allows this action to proceed, he will reveal "the tragic and premature deaths of five Americans and two Europeans." *Id.*

The events giving rise to this action can be separated into three immigration proceedings. The first set of proceedings began sometime in 1995 when the INS denied the plaintiff's application for asylum and subsequently deported him. *Id.* at 4.

In July 1999, the plaintiff triggered the second set of proceedings when he attempted to re-enter the United States. *Id.* Ex. D at 1-2. The INS found the plaintiff to be inadmissible into the country and referred the matter to the immigration court, whereupon the plaintiff requested political asylum from Finland. *Id.* At this point, the evidentiary record is in conflict. According to the immigration court, federal defendant Dufrense then denied the plaintiff's request for asylum. *Id.* Ex. D at 5-6. According to the plaintiff, however, she initially granted him asylum, but federal defendant President Clinton later

---

1. The complaint names "Jiry Thomas" as a defendant, while the federal defendants' motion to dismiss refers to her as "Judy Thomas." *Compare* Compl. at 1 *with* Fed. Defs.' Mot. at 1.

2. The foreign defendants also include Substitute for Consul Kimmo Nikkanrn of Finland, Minister of Justice Heinrich Koller of Switzerland, Minister of Justice Marylise Lebranchu of France, Attorney General Hans Regner of Sweden, Attorney General Paavo Nikula of Finland, former Finnish Presidents Mauno Koivisto and Martti Ahtisaari, and current Finnish President Tarja

Halonen. The record indicates that the foreign defendants have not responded to the plaintiff's complaint.

3. On May 30, 2003, the court granted defendants Steven Siegel's and Thomas Manahan's motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2). Mem. Op. & Order dated May 30, 2003, 2003 WL 21448303, 2003 U.S. Dist. LEXIS 10436 (D.D.C. June 18, 2003). Therefore, defendants Siegel and Manahan are no longer parties to this action.

invalidated her decision. *Id.* at 5. In July 2000, the INS once again deported the plaintiff from the United States. *Id.*

The third and final set of proceedings began in December 2000 when the plaintiff re-entered the United States. *Id.* Upon his re-entry, the plaintiff was arrested and eventually deported in June 2001. *Id.* at 5–6.

### B. Procedural History

The plaintiff filed his complaint on May 28, 2002. Almost four months later, the plaintiff filed an affidavit documenting his efforts to serve the summons and complaint on the defendants via registered mail.[4] Return of Service/Aff. at 1, Exs. 1–17.

■ On September 23, 2003, defendant Jones filed his motion to dismiss pursuant to Rule 12(b)(5) or (6), asserting both that the plaintiff did not properly effect service on him and that the complaint fails to include any allegations against him. Def. Jones's Mot. at 2. On December 2, 2002, having obtained an extension of time from the court, the federal defendants filed their motion to dismiss pursuant to Rules 8(a) and 12(b)(6)[5] asserting that the complaint fails to give them notice of the plaintiff's claims. Fed. Defs.' Mot. at 3–4. In the alternative, the federal defendants seek a more definite statement of the plaintiff's claims against them under Rule 12(e). *Id.* at 4.

On January 13, 2003, the court issued an order directing the plaintiff to respond to the motions to dismiss and advising him that the court may treat the motions as conceded if he fails to file a response by February 7, 2003. Order dated Jan. 13, 2003. On March 3, 2003, after learning that the plaintiff

mailed a response to the defendants, the court directed the plaintiff to file that response with the court by March 14, 2003. Order dated Mar. 3, 2003. On March 17, 2003, the plaintiff late-filed a response.[6] The Clerk of the Court then mailed a copy of the plaintiff's March 17, 2003 response to the defendants to ensure that it was consistent with the copy they had received from the plaintiff. Notice dated Apr. 24, 2003. The defendants, with the exception of the foreign defendants, notified the court of discrepancies between the plaintiff's March 17, 2003 response and the response served on them, and provided the court with a copy of the latter. Defs.' Notice filed Apr. 30, 2003. Accordingly, after determining that the plaintiff's March 17, 2003 response did not match the response actually served on the defendants, the court struck that response and substituted it with the actual response served on the defendants. Order dated May 12, 2003. Because the record now contains the plaintiff's correct response to the defendants' motions to dismiss, the court can proceed to rule on those motions.

### III. ANALYSIS

#### A. Legal Standards

#### 1. Legal Standard for a Motion to Dismiss for Insufficient Service of Process

A finding of insufficient service of process is appropriate where the plaintiff fails to effect service on each defendant in accordance with the Federal Rules of Civil Procedure. FED.R.CIV.P. 12(b)(4), (5). To serve an individual defendant within a judicial district under Rule 4(e), the plaintiff either

---

4. There is confusion over the exact filing date of the plaintiff's affidavit. The Clerk of the Court has recorded the plaintiff's affidavit as filed on September 12, 2002. That affidavit, however, is dated October 16, 2002. Return Service/Aff. at 1. After an exhaustive review of the record, the court is unable to determine the true filing date. The court need not reconcile the difference in dates, however, because it is the content of the plaintiff's affidavit, not the filing date, that is relevant to the resolution of the motions presently before the court.

5. The court does not address the federal defendants' Rule 12(b)(6) argument because their mo-

tion fails to address the Rule other than simply citing it once in the first sentence of their motion. Fed. Defs.' Mot. at 1.

6. Although the plaintiff filed his response after the deadline set by the court's March 3, 2003 order without first requesting leave to do so, the court will overlook the plaintiff's failure to abide by the deadline because the plaintiff is *pro se* and resides overseas, creating the potential for delay with international mail. *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C.Cir.1993) (relaxing the procedural requirements for *pro se* litigants).

must comply with the law of the state in which the district court is located or deliver the summons and complaint to the named defendant. FED.R.CIV.P. 4(e)(1)-(2). A plaintiff before this court therefore must comply with the District of Columbia's service-of-process requirements. *Id.; Freeman v. Fallin*, 210 F.R.D. 255, 256 (D.D.C.2002) (citing *Lennon v. McClory*, 3 F.Supp.2d 1461, 1462 (D.D.C.1998) (Friedman, J.)). Under District of Columbia law, a plaintiff may properly effect service "by mailing a copy of the summons, complaint[,] and initial order" by registered mail, return receipt requested, to each intended defendant.[7] D.C. R. CIV. P. 4(c)(3); *see also Freeman*, 210 F.R.D. at 256; *Lennon*, 3 F.Supp.2d at 1462. If the intended defendant does not personally sign the return receipt, the affidavit accompanying the receipt must detail specific facts showing the court that the signatory "meets appropriate qualifications for receipt of process." D.C. R. CIV. P. 4(*l*)(2); *see also* D.C. R. CIV. P. 4(e)(2); *Freeman*, 210 F.R.D. at 256; *Lennon*, 3 F.Supp.2d at 1462.

To serve an individual defendant in a foreign country under Rule 4(f), the plaintiff may effect service "by any internationally agreed means *reasonably calculated to give notice*, such as those means authorized by the Hague [Service] Convention."[8] FED.R.CIV.P. 4(f) (emphasis added); *see also Fed. Trade Comm'n v. Compagnie de Saint–Gobain–Pont–A–Mousson*, 636 F.2d 1300, 1314 (D.C.Cir.1980) (recognizing that the federal rules specifically permit service of process abroad while stressing the need for "judicial sensitivity to foreign territorial sovereignty when scrutinizing particular methods of overseas service"). If a defendant

resides in a foreign country that is not a signatory to the Hague Service Convention or another international service agreement, the plaintiff may effect service on that defendant in a manner that "is reasonably calculated to give notice." FED.R.CIV.P. 4(f)(2). Specifically, Rule 4(f)(2) defines the manner of such service as either that "prescribed by the law of the foreign country" or "by delivery to the individual personally [ ] or any form of mail requiring a signed receipt and dispatched by the clerk of the court to the party to be served." *Id.*

■ If the plaintiff does not properly effect service on a defendant, then the defendant may move to dismiss the complaint under Rule 12(b)(4) and/or (5). FED.R.CIV.P. 12(b)(4), (5). Upon such a motion, the plaintiff carries the burden of establishing that he has properly effected service. *Light v. Wolf*, 816 F.2d 746, 751 (D.C.Cir.1987) (citing 4C FED. PRAC. & PROC. § 1083).

## 2. Legal Standard for a Motion to Dismiss Pursuant to Rule 8(a)

■ Rule 8(a) prescribes the minimum standard for the sufficiency of a complaint. FED.R.CIV.P. 8(a)(2). The guiding purpose of Rule 8(a) is to ensure that the adverse party has fair notice of the pleader's claims so as to provide the adverse party the opportunity to file a responsive answer and to prepare an adequate defense. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (emphasizing under Rule 8(a) that a complaint "must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests' ") (quoting *Conley v. Gibson*, 355 U.S.

7. Alternatively, Rule 4(d) allows for a waiver of service by which a plaintiff may obtain formal permission from the defendant to effect service by mail. FED.R.CIV.P. 4(d).

8. The Hague Service Convention is a multilateral treaty that was formulated in 1964 by the Tenth Session of the Hague Conference of Private International Law. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988). The Convention revised parts of the Hague Conventions on Civil Procedure of 1905 and 1954. *Id.* The revision was intended to provide a simpler way to serve process abroad, to assure that defendants sued in

foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad. *Id.* (citing 3 1964 Conference de la Haye de Droit International Prive, Actes et Documents de la Dixieme Session (Notification) 75–77, 363 (1965) (3 Actes et Documents); 1 B. Ristau, International Judicial Assistance (Civil and Commercial) § 4–1 (1984 and 1 Supp.1986) (1 Ristau)). Representatives of the 23 countries that were members of the Conference approved the Convention without reservation. *Id.* Many other countries, including the United States, have ratified or acceded to the Convention since then. *Id.*

41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1114 (D.C.Cir.2000); *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1085–86 (D.C.Cir.1998). Indeed, a " 'short and plain statement of the claim[ ]' . . . is all the federal rules require." *Harbury v. Deutch*, 244 F.3d 956, 957 (D.C.Cir.2001) (quoting FED.R.CIV.P. 8(a)(2)); *see also Atchinson v. District of Columbia*, 73 F.3d 418, 421–22 (D.C.Cir.1996) (recognizing that a complaint "need not allege all that a plaintiff must eventually prove"). Rule 8(a)'s simplified notice-pleading standard relies on the discovery process and summary-judgment practice to define the disputed facts in the case and to dispense with unmeritorious claims. *Swierkiewicz*, 534 U.S. at 512, 122 S.Ct. 992; *Atchinson*, 73 F.3d at 421 (allowing a plaintiff to disclose more precisely the basis of his claim through discovery and other pretrial procedures) (citing *Conley*, 355 U.S. at 47–48 & n. 9, 78 S.Ct. 99); *Hodgson v. Va. Baptist Hosp.*, 482 F.2d 821, 824 (4th Cir.1973) (noting that "[p]rompt resort to discovery provides adequate means for ascertaining the facts without delay in maturing the case for trial"). By its liberal terms, therefore, Rule 8(a) erects a powerful presumption against dismissing pleadings as deficient. *Id.* at 514, 122 S.Ct. 992.

■ Furthermore, the federal rules afford a plaintiff, and particularly one with *pro se* status, broad discretion in framing his claims for relief. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Accordingly, the court must hold a *pro se* complaint to a less stringent standard than formal pleadings drafted by trained legal counsel. *Id.*

■ That said, a complaint that contains only vague and conclusory claims with no specific facts supporting the allegations may not give the defendant fair notice of the claims against him and thus would not allow the defendant to devise a competent defense. *Swierkiewicz*, 534 U.S. at 514, 122 S.Ct. 992. Thus, a complaint is subject to dismissal pursuant to Rule 8(a) where the complaint fails to provide the defendant with notice of the plaintiff's claims. *Id.*

### 3. Legal Standard for a Motion Pursuant to Rule 12(e)

■ Rule 12(e) provides defendants with a remedy for inadequate complaints that fail to meet the minimum pleading standard set forth in Rule 8(a). FED.R.CIV.P. 8(a), 12(e); *Hodgson*, 482 F.2d at 823 (stating that Rule 12(e) must be read in conjunction with Rule 8(a)). Thus, "when a defendant is unclear about the meaning of a particular allegation in the complaint, the proper course of action is not to move to dismiss but to move for a more definite statement." *Am. Nurses' Ass'n v. Illinois*, 783 F.2d 716, 725 (7th Cir. 1986) (citing *United States v. Employing Plasterers Ass'n*, 347 U.S. 186, 189, 74 S.Ct. 452, 98 L.Ed. 618 (1954)); *see also Swierkiewicz*, 534 U.S. at 514, 122 S.Ct. 992 (recognizing that "[i]f a pleading fails to specify the allegation in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e)").

■ Consistent with Rule 8(a)'s liberal pleading requirements, courts are reluctant to compel a more definite statement pursuant to Rule 12(e). *Latch String, Inc. v. The Rouse Co.*, 1977 WL 1346, at *1, 1977 U.S. Dist. LEXIS 18086, at *2–3 (D.D.C. Jan. 4, 1977) (Flannery, J.) (citing *United States v. Ga. Power Co.*, 301 F.Supp. 538, 543–44 (N.D.Ga.1969)). To prevent Rule 12(e) from becoming a substitute for discovery, courts will generally deny a motion for a more definite statement where the information sought may be obtained in discovery. *Id.* at *1, 1977 U.S. Dist. LEXIS 18086, at *3 (citing *Stromillo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 54 F.R.D. 396, 397 (E.D.N.Y.1971); *Hodgson*, 482 F.2d at 824; *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir.1959)) (determining that the information sought was an issue for discovery rather than the pleadings). Moreover, "[w]hen the complaint conforms to Rule 8(a) and it is neither so vague nor so ambiguous that the defendant cannot reasonably be required to answer, the district court should deny a motion for a more definite statement and require the defendant to bring the case to issue by filing a response within the time provided by the rules." *Hodgson*, 482 F.2d at 824 (citing *Mitchell*, 269 F.2d at 132).

Mindful that all litigants are entitled to proper notice pleading under Rule 8(a), however, the court will grant relief pursuant to Rule 12(e) where the pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a respons[e]." FED. R.CIV.P. 12(e); *see also Ekberg v. Pennington*, 2002 WL 1611641, at *1 (E.D.La. July 19, 2002) (granting a Rule 12(e) motion where "the plaintiff's complaint pleads nothing but conclusions and provides no guidance to the defendants as to how to respond"); *Bower v. Weisman*, 639 F.Supp. 532, 538 (S.D.N.Y.1986) (granting a Rule 12(e) motion because the plaintiff's claims lacked clarity and the defendant therefore could not effectively respond to the complaint); *Saad v. Burns Int'l Sec. Servs., Inc.*, 456 F.Supp. 33, 36 (D.D.C.1978) (Green, J.) (finding that mere allegations do not suffice to state a claim and ordering the plaintiff to file a more definite statement).

## B. The Court Denies Defendant Jones's Motion to Dismiss and Directs the Plaintiff to Perfect Service on Him

■ Consistent with the District of Columbia Rules of Civil Procedure, the plaintiff attempted to properly effect service on defendant Jones via registered mail. *Freeman*, 210 F.R.D. at 256 (citing D.C. R. Civ. P. 4(e)(2) and *Lennon*, 3 F.Supp.2d at 1462); Return of Service/Aff. Ex. 6. The plaintiff, however, has failed to furnish the court with sufficient documentation indicating that he successfully effected service on defendant Jones. *Id.* As noted, the District of Columbia Rules of Civil Procedure require a return receipt signed by either defendant Jones or another individual with an accompanying affidavit demonstrating that the individual "meets the appropriate qualifications for receipt of process." D.C. R. Civ. P. 4(*l*)(2). The plaintiff has provided the court with neither document. Return of Service/Aff. Ex. 6. Moreover, the plaintiff's response to defendant Jones's motion to dismiss ignores

defendant Jones's claim of insufficient service of process, neglecting to contest any part of the motion.[9] Pl.'s Resp. Indeed, the plaintiff's silence dispells any doubt concerning the nature of his failure to effect proper service on defendant Jones. Accordingly, the plaintiff has failed to carry his burden of establishing that he properly effected service on defendant Jones. *Light*, 816 F.2d at 751.

Notwithstanding the plaintiff's failure to demonstrate proper service on defendant Jones, the court will not grant defendant Jones's motion to dismiss because the court must afford the plaintiff "more latitude than litigants represented by counsel to correct defects in service of process and pleadings." *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C.Cir.1993); *see also Haines*, 404 U.S. at 520, 92 S.Ct. 594; *Sparrow*, 216 F.3d at 1113 & n. 2 (holding that courts must relax procedural requirements for *pro se* litigants). While this court need not provide detailed guidance to *pro se* litigants, the court must "supply minimal notice of the consequences of not complying with procedural rules." *Moore*, 994 F.2d at 876. The court's indulging treatment of *pro se* litigants, however, "does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure." *Id.* (citing *Jarrell v. Tisch*, 656 F.Supp. 237, 239 (D.D.C.1987) (Penn, J)). Consistent with these principles, the court denies defendant Jones's motion and allows the plaintiff additional time to perfect service on defendant Jones as provided in the accompanying order.[10] *Id.;* FED.R.CIV.P. 4(m); *e.g., Freeman*, 210 F.R.D. at 256 (granting the *pro se* plaintiff an extension of 20 days to perfect service); *Thompson v. Jasas Corp.*, 212 F.Supp.2d 21, 29 (D.D.C.2002) (Roberts, J.) (extending the deadline for the plaintiff to effect service); *Jarrell*, 656 F.Supp. at 239 (finding dismissal for insufficient process unwarranted and allowing the *pro se* plaintiff to amend service of process). If the plaintiff fails to perfect service within the allotted

9. The plaintiff's response simply declares: "I prosecute Mr. Boisfeuillet Jones Jr. for suppression of truth and tighten up of my situation." Pl.'s Resp.

10. The court need not address defendant Jones's alternative Rule 12(b)(6) motion at this time in

light of the court's determination of insufficient service of process. Indeed, to proceed to a Rule 12(b)(6) determination, the court must first determine that the plaintiff has properly effected service of process. *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 370 (D.C.Cir.1997).

time, the court will dismiss the action against defendant Jones. FED.R.CIV.P. 4(m); LCvR 83.23 (providing that the court may dismiss a case *sua sponte* for failure to prosecute); *Pellegrin & Levine, Chartered v. Antoine*, 961 F.2d 277, 282 (D.C.Cir.1992); *Freeman* 210 F.R.D. at 257.

### C. The Court Directs the Plaintiff to Perfect Service on Foreign Defendant Sané

Service of process abroad is one of the most challenging issues that a district court can face. *Mayoral–Amy v. BHI Corp.*, 180 F.R.D. 456, 458 (S.D.Fla.1998). It has been described as a " 'twisting process bordered on all sides with fatal pitfalls' and a 'tricky proposition.' " *Id.* (quoting GARY B. BORN, INTERNATIONAL CIVIL LITIGATION IN U.S. COURTS 757 (3d ed.1996) and *Chowaniec v. Heyl Truck Lines*, 1991 WL 111156, at *1, 1991 U.S. Dist. LEXIS 8138, at *2 (N.D. Ill. June 17, 1991)). This case, however, has not matured to the point where the court must determine whether the plaintiff employed a proper method of effecting service on foreign defendant Sané pursuant to Rule 4(f)(2).[11]

The record indicates that the plaintiff attempted to effect service on foreign defendant Sané, as evidenced by a letter confirming that the Director of the Finnish Section of Amnesty International ("the director") accepted delivery of foreign defendant Sané's summons on September 2, 2002. Return of Service/Aff. Ex. 14. The court readily identifies two problems with the proof of service submitted by the plaintiff, either of which standing alone would prevent the case from proceeding against foreign defendant Sané.

■ First, the plaintiff's affidavit demonstrates that the plaintiff effected delivery of only the summons to the director, making no mention of delivery of the complaint. *Id.* As a result, the question of proper service by the plaintiff remains unanswered. *Id.* If the plaintiff in fact effected delivery of the summons without a copy of the complaint, then the plaintiff ignored Rule 4(c)(1)'s requirement that the "summons shall be served together with a copy of the complaint." FED. R.CIV.P. 4(c)(1).

■ Second, the plaintiff has failed to provide satisfactory evidence of actual delivery to foreign defendant Sané pursuant to Rule 4(*l*). Although the plaintiff's affidavit quotes the director as promising that he will "forward [the summons] to [the] International Secretariat in London," this affirmation alone does not constitute proof of effective service on foreign defendant Sané. FED. R.CIV.P. 4(*l*); Return of Service/Aff. Ex. 14. Indeed, Rule 4(*l*) plainly requires the plaintiff to submit "a receipt signed by the addressee or other evidence of delivery to the addressee satisfactory to the court." FED. R.CIV.P. 4(*l*). Alternatively, there is no evidence of foreign defendant Sané authorizing and Senegal law permitting the director to accept service on behalf of foreign defendant Sané pursuant to Rule 4(f)(2). FED.R.CIV.P. 4(f)(2).

Simply put, the plaintiff has failed to carry his burden of establishing that he properly effected service on defendant Sané. *Light*, 816 F.2d at 751. Accordingly, the court grants the plaintiff additional time to perfect service on foreign defendant Sané and to furnish the court with proof that his efforts were *"reasonably calculated to give notice"* to foreign defendant Sané pursuant to Rule 4(f)(2) within the time provided in the accompanying order. FED.R.CIV.P. 4(f), (m) (emphasis added); *Moore*, 994 F.2d at 876. If the plaintiff fails to perfect service on foreign defendant Sané within the allotted time and

---

11. Foreign defendant Sané appears to reside in Senegal, a country located on the northwestern coast of the African continent that is not a signatory to the Hague Service Convention. *See* HAGUE CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND EXTRA-JUDICIAL DOCUMENTS IN CIVIL AND COMMERCIAL MATTERS, U.S. Dep't of State, *available at* http://travel.state.gov/hague—service.html (July 2003). As the court is unaware of any "internationally agreed means of service" applicable to Senegal, Rule 4(f)(2) thus requires the plaintiff to effect service on foreign defendant Sané in such a manner that "is *reasonably calculated* to give [him] notice" of the action. FED.R.CIV.P. 4(f)(2) (defining the various methods by which "service is reasonably calculated to give notice" to a foreign defendant) (emphasis added). At this stage, however, the court is not called upon to address the issue of whether the plaintiff has complied with the applicable service requirements with respect to foreign defendant Sané.

to furnish the court with adequate proof to that effect, the court will dismiss the action against foreign defendant Sané. FED. R.CIV.P. 4(m); LCvR 83.23; *Pellegrin & Levine,* 961 F.2d at 282; *Freeman* 210 F.R.D. at 257.

### D. The Court Dismisses the Complaint Against Federal Defendant Dufrense Pursuant to Rule 8(a) Without Prejudice

The court next considers the federal defendants' motion to dismiss, first resolving whether dismissal is proper as to federal defendant Dufrense. The plaintiff names federal defendant Dufrense in the complaint's caption, but fails to implicate her in any of the complaint's allegations.[12] Compl. at 1. In fact, the plaintiff fails to mention federal defendant Dufrense in his response to the motion to dismiss.[13] Pl.'s Resp. Thus, the court is unable to decipher a single allegation or claim against her.[14]

■ The court is mindful that a *pro se* plaintiff, like any other, must provide notice of his claim. *Swierkiewicz,* 534 U.S. at 514, 122 S.Ct. 992; *Sparrow,* 216 F.3d at 1118 (citing *Atchinson,* 73 F.3d at 422). Indeed, as noted, the central purpose of Rule 8(a) is to ensure that the plaintiff sets forth his claims such that the defendant is able to file a response and to prepare a defense. *Swierkiewicz,* 534 U.S. at 512, 122 S.Ct. 992; *Conley,* 355 U.S. at 47, 78 S.Ct. 99; *Sparrow,* 216 F.3d at 1114; *Caribbean Broad. Sys.,* 148

F.3d at 1085–86. As discussed later, the court is inclined to provide the *pro se* plaintiff an opportunity to refine his allegations by way of a more definite statement per Rule 12(e) as to the other federal defendants, each of whom the plaintiff mentions more than once in his filings. But with respect to federal defendant Dufrense, the court will not afford the plaintiff an opportunity to clarify claims that he has failed to assert, particularly given that federal defendant Dufrense is unable to frame a responsive answer to the complaint or to point to specific defects in the complaint. *Id.; M.K. v. Tenet,* 99 F.Supp.2d 12, 19 (D.D.C.2000) (noting that a more definite statement is appropriate only when it will cure specific defects in the complaint); *see also Humpherys v. Nager,* 962 F.Supp. 347, 352–53 (E.D.N.Y.1997) (observing that Rule 12(e) relief "is proper when a complaint pleads a viable legal theory, but is so unclear that the opposing party cannot respond to the complaint").

The bottom line is that dismissal is in order because the plaintiff fails to make any mention of federal defendant Dufrense or tie any of his claims to her. Thus, notwithstanding the less stringent pleading standard afforded to the plaintiff, and because the court determines that the plaintiff's complaint fails to put federal defendant Dufrense on notice of any claims against her such that she can respond or construct a defense, the court must dismiss the action against federal defendant Dufrense without prejudice. FED. R.CIV.P. 8(a)(2); *Swierkiewicz,* 534 U.S. at

12. In his complaint, the plaintiff states that "[d]efendants Siegel [ ] and Dufrense [ ] I want to summon as witnesses." Compl. at 4. Thus, the court suspects that the plaintiff mistakenly names federal defendant Dufrense as a party to this action for the sole purpose of reserving her as a witness for trial. *Id.*

13. Aside from the caption and the plaintiff's statement that he wants to summons federal defendant Dufrense as a witness, the only time that federal defendant Dufrense's name appears on any of the plaintiff's filings is in Exhibit D of the complaint. Compl. at 1, 4, Ex. D. Exhibit D contains federal defendant Dufrense's October 1, 1999 ruling denying the plaintiff's request for political asylum and ordering him removed from the country. The court notes that neither the complaint nor the plaintiff's response to the federal defendants' motion to dismiss contain any allegations concerning this ruling.

14. It may be the case that the plaintiff seeks to appeal certain decisions handed down by federal defendant Dufrense in her capacity as the presiding judge over the second set of immigration proceedings in 1999. This court is not the proper venue for such an appeal, however, because the record does not demonstrate that the plaintiff has exhausted the necessary administrative remedies. 8 U.S.C. § 1252(d)(1) (authorizing judicial review of immigration court decisions only when the petitioner has exhausted all available administrative remedies); *see also Athehortua–Vanegas v. INS,* 876 F.2d 238, 240 (1st Cir.1989) (explaining that an order by an immigration court "shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him").

514, 122 S.Ct. 992; *Haines*, 404 U.S. at 520, 92 S.Ct. 594; *Sparrow*, 216 F.3d at 1118; *Atchinson*, 73 F.3d at 422.

### E. The Court Does Not Dismiss the Complaint as to the Remaining Federal Defendants Under Rule 8(a) but Grants Them Relief Under Rule 12(e)

In addressing the remaining federal defendants' challenge to the plaintiff's complaint, the court considers the complaint along with the plaintiff's subsequent filings in order to assess the sufficiency of the plaintiff's claims. *Richardson v. United States*, 193 F.3d 545, 548 (D.C.Cir.1999); *Anyanwutaku v. Moore*, 151 F.3d 1053, 1059 (D.C.Cir. 1998) (suggesting that the court should consider the complaint and the plaintiff's later filings when deciding a motion to dismiss a *pro se* plaintiff's complaint). The plaintiff names each of the remaining federal defendants [15] in both the complaint and his response to their motion. Compl. at 1–3; Pl.'s Resp. Although the language contained in these submissions is scattered and confusing at best,[16] the federal rules instruct the remaining federal defendants to patiently navigate the nebulous seas of the plaintiff's submissions so long as the plaintiff provides them with sufficient notice of his claims. FED.R.CIV.P. 8(a)(2); *Conley*, 355 U.S. at 47, 78 S.Ct. 99. Indeed, the complaint identifies distinct allegations that cannot be cast aside and thus, for the time being, the action remains afloat against the remaining federal defendants. *Id.* Therefore, the court denies the remaining federal defendants' Rule 8(a) motion to dismiss at this time and moves on to consider their alternative motion for a more definite statement pursuant to Rule 12(e).

Although courts typically frown upon such Rule 12(e) motions, *Latch String, Inc.*, 1977 WL 1346, at *1, 1977 U.S. Dist. LEXIS 18086, at *2–3; *Ga. Power Co.*, 301 F.Supp. at 543–44, in this case relief under Rule 12(e) can remedy the complaint's indefiniteness, thereby securing a less drastic result than dismissal under Rule 8(a). *Swierkiewicz*, 534 U.S. at 514, 122 S.Ct. 992; *Employing Plasterers Ass'n*, 347 U.S. at 189, 74 S.Ct. 452; *Am. Nurses' Ass'n*, 783 F.2d at 725; *Sisk v. Tex. Parks and Wildlife Dep't*, 644 F.2d 1056, 1059 (5th Cir.1981) (reversing dismissal for failure to state a claim because "if a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a . . . more definite statement under Rule 12(e)"); *M.K.*, 99 F.Supp.2d at 19. Moreover, the court notes that Rule 12(e) relief is the most suitable remedy here, especially when taking into account the *pro se* status of the plaintiff and the fact that the parties are unable to engage in discovery until they are capable of identifying the claims at issue. *Id.; Haines*, 404 U.S. at 520, 92 S.Ct. 594. Thus, the court grants the remaining federal defendants' alternative motion for a more definite statement.

Because the court will not speculate as to the plaintiff's intended claims, the court will allow the plaintiff to clarify his claims by specifically answering the following questions: [17]

(1) What are the specific wrongful acts committed?

(2) Who of the remaining federal defendants committed each of those alleged wrongful acts?

---

15. The remaining federal defendants are President Bush, Attorney General Ashcroft, Senator Clinton, former President Clinton, and INS Deportation Officer Thomas.

16. For instance, while the plaintiff fails to make any mention of federal defendant Senator Clinton in the text of his complaint, the plaintiff's response to the federal defendants' motion to dismiss makes several allegations against her. Compl.; Pl.'s Resp. The plaintiff's response states: "I prosecute Mrs. Hilary Rodham Clinton for placing herself, as a team with President Clinton, above the valid law and court decisions and falsifying documents, taking of a bribe, breaking into my suitcases, stealing, tightening up my situation, organizing of illegal actions, humiliating, disparaging and confining, making an attempt on my life, torturing and illegal deporting." Pl.'s Resp.

17. The court grants the plaintiff the narrowest permission to clarify his claims with his responses to the court's questions. Thus, the plaintiff may not venture beyond the scope of the court's inquiry. *E.g., Saad*, 456 F.Supp. at 36 (granting Rule 12(e) relief and instructing the plaintiff to clarify his claims by responding to specific inquiries from the court); *Bower*, 639 F.Supp. 532 at 542.

(3) On which date did each of these acts occur?

(4) Where did each of these acts occur?

(5) Is the plaintiff suing President Bush, Attorney General Ashcroft,[18] Senator Clinton, former President Clinton, and INS Deportation Officer Thomas in their *official* capacities?

If the plaintiff fails to provide responses to these questions by the deadline noted in the accompanying order, the court may be inclined to dismiss the case against the remaining federal defendants with prejudice for failure to prosecute pursuant to Rule 41(b). FED.R.CIV.P. 41(b); *Proctor v. Millar Elevator Serv. Co.*, 8 F.3d 824, 826 (D.C.Cir.1993) (holding that a dismissal for failure to prosecute "operates as an adjudication on the merits" (internal quotations omitted)); *Moore*, 994 F.2d at 876.

### F. The Court Allows the Plaintiff to Clarify the Jurisdictional Grounds as to the Foreign Defendants

 One final point merits attention. The foreign defendants have not filed any response to the complaint although it appears, at first glance, with the exception of foreign defendant Sané, that the countries in which these defendants reside are signatories to the Hague Service Convention and that the plaintiff may have properly effected service on them. *See supra* notes 2, 11; Return

of Service/Aff. Exs. 1, 3, 4, 8, 9, 15–17. Therefore, the record is unclear at this juncture as to whether the court has subject-matter jurisdiction over all of the foreign defendants consistent with the Foreign Sovereign Immunities Act, as amended 28 U.S.C. § 1602 *et seq.* Toward that end, the court directs the plaintiff to file a notice with the court as to whether he is suing each of the foreign defendants in his or her official capacity, with the exception of foreign defendant Sané who does not appear to be a foreign government official. If the plaintiff does not respond within the allotted time set forth in the accompanying order, the court will dismiss the claims against those foreign defendants for failure to prosecute and comply with the court's orders pursuant to Rule 41(b).[19] FED.R.CIV.P. 41(b); *Proctor*, 8 F.3d at 826; *Moore*, 994 F.2d at 876.

### IV. CONCLUSION

For the foregoing reasons, the court denies defendant Jones's motion to dismiss and directs the plaintiff to perfect service on him and foreign defendant Sané. In addition, the court grants the federal defendants' motion to dismiss as to federal defendant Dufrense without prejudice, but denies the motion as to the other federal defendants. Further, the court grants the federal defendants' alternative motion for a more definite statement. Lastly, the court gives the plaintiff an

---

18. The complaint implicates the INS and names federal defendant Attorney General Ashcroft, the head of the Department of Justice of which the INS was an agency. On March 1, 2003, the INS was folded into the new Department of Homeland Security. Homeland Security Act of 2002, Pub.L. No. 107–296, 116 Stat. 2135 (2002). If, during the pendency of an action, a public officer who is a party to that action in his or her official capacity ceases to hold office, the officer's successor automatically is substituted as a party. FED.R.CIV.P. 25(d)(1). Here, the Secretary of Homeland Security effectively succeeds the Attorney General for the purposes of line of authority over immigration functions and personnel. *See* Homeland Security Act §§ 441 (transferring all INS border patrol, detention and removal, intelligence, investigations, and inspection functions and personnel to the Under Secretary of Homeland Security for Borders and Transportation), 451(b) (transferring all INS visa, naturalization, asylum, and refugee functions and personnel to the Homeland Director of the Bureau

of Citizenship and Immigration Services), 471 (abolishing the INS upon completion of all transfers). Therefore, although the Secretary is not a successor to the Attorney General in the traditional sense of Rule 25(d), the Secretary's substitution for the Attorney General in the action may be appropriate depending on the nature of the plaintiff's claims against federal defendant Attorney General Ashcroft. *Cf. Brown v. United States*, 327 F.3d 1198 (D.C.Cir.2003) (substituting the Secretary of the Treasury for the Secretary of Homeland Security); *Guerro v. Senkowski*, 2003 WL 1623670, at n. 1 (N.D.N.Y. Mar.28, 2003) (substituting the new Bureau of Immigration and Customs Enforcement for the INS).

19. The court grants the plaintiff only the narrowest permission to clarify his jurisdictional grounds relating to the foreign defendants. Thus, the court instructs the plaintiff to not go beyond the scope of the court's inquiry. *E.g.*, *Saad*, 456 F.Supp. at 36; *Bower*, 639 F.Supp. 532 at 542.

opportunity to clarify the jurisdictional grounds as to all the foreign defendants except for foreign defendant Sané. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this *11th* day of July 2003.