**Jouko M. HILSKA, Plaintiff,**

v.

**Boisfeuillet JONES Jr. et al., Defendants.**

**No. CIV.A. 02–1042(RMU).**

United States District Court, District of Columbia.

Dec. 15, 2003.

Jouko M. Hilska, Helsinki, FN, Pro se.

Eric Neil Lieberman, Robert Ernest Leidenheimer, Jr., U.S. Attorney's Office, Washington, DC, Daniel Karp, Allen, Karpinski, Bryant & Karp, Baltimore, MD, Mark E. Nagle, U.S. Attorney's Office, Washington, DC, for Defendants.

## *MEMORANDUM OPINION*

### DENYING THE FEDERAL DEFENDANTS' MOTION TO DISMISS AND DISMISSING THE PLAINTIFF'S CLAIMS AGAINST THE OTHER DEFENDANTS

URBINA, District Judge.

## I. INTRODUCTION

The *pro se* plaintiff brings this action against myriad federal, private, and foreign defendants, claiming that they wrongfully prevented him from gaining political asylum in the United States by orchestrating a diabolical scheme that resulted in offenses ranging from forgery to attempted murder. Several of the defendants responded to these allegations with motions to dismiss. In resolving those motions, the court allowed the plaintiff additional time to perfect service upon certain defendants and to clarify his claims and jurisdictional grounds against other defendants according to specific instructions. The plaintiff responded to the court's ruling by filing a wave of submissions, none of which conform to the court's instructions or help to clarify the plaintiff's claims. The federal defendants now bring a motion pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, ask-

ing the court to dismiss the plaintiff's claims as frivolous. While the court recognizes that the plaintiff's claims appear implausible, the court cannot say that it lacks subject-matter jurisdiction over the matter. Thus, the court denies the federal defendants' motion. The court, however, dismisses the plaintiff's claims against the other defendants because the plaintiff has failed to demonstrate perfected service of process and clarify his claims and jurisdictional grounds in conformity with the court's instructions.

## II. BACKGROUND [1]

### A. Factual Background

The *pro se* plaintiff, a native and citizen of Finland, seeks compensatory relief from a variety of federal, foreign, and private defendants.[2] Compl. at 1–3, 7. The plaintiff alleges that the federal defendants are responsible for various misdeeds, including forgery, extortion, assault, destruction of documents, torture, and attempted murder. *See generally id.;* Pl.'s Aug. 2003 Resps. He also claims that the Immigration and Naturalization Service ("INS")[3]

wrongfully deported him from the United States. Compl. at 6. Furthermore, the plaintiff boldly promises that he will reveal "the tragic and premature deaths of five Americans and two Europeans" if the court allows this action to proceed. *Id.*

The events giving rise to this action originated from three immigration proceedings. The first set of proceedings began sometime in 1995 when the INS denied the plaintiff's application for asylum and subsequently deported him. *Id.* at 4.

In July 1999, the plaintiff triggered the second set of proceedings by attempting to re-enter the United States. *Id.* Ex. D. The INS found the plaintiff ineligible to enter the country and referred the matter to the immigration court, whereupon the plaintiff requested political asylum from Finland. *Id.* At this point, the evidentiary record is in conflict. According to the immigration court, it then denied the plaintiff's request for asylum. *Id.* According to the plaintiff, however, the immigration court initially granted him asylum, but the President later invalidated that decision. *Id.* at 5. In July 2000, the INS once again

---

1. For a complete account of the case's development and background, see the court's Memorandum Opinions dated June 18, 2003 and July 11, 2003. *Hilska v. Jones,* 267 F.Supp.2d 100 (D.D.C.2003); *Hilska v. Jones,* 217 F.R.D. 16 (D.D.C.2003).

2. The remaining federal defendants include President George W. Bush, Attorney General John Ashcroft, Senator Hillary Clinton, former President William J. Clinton, and INS Deportation Officer Judy Thomas. The private defendants include Pierre Sané and Boisfeuillet Jones Jr. The remaining foreign defendants include Substitute for Consul Kimmo Nikkanen of Finland, Minister of Justice Heinrich Koller of Switzerland, Minister of Justice Marylise Lebranchu of France, Attorney General Hans Regner of Sweden, former Finnish Presidents Mauno Koivisto and Martti Ashtisaari, and current Finnish President Tarja Halonen.

3. During the pendency of this case, the Department of Homeland Security's Bureau of Immigration and Customs Enforcement and Bureau of Citizenship and Immigration Services assumed the INS's functions. Homeland Security Act of 2002, Pub.L. No. 107–296, 116 Stat. 2135 (2002), §§ 441 (transferring all INS border patrol, detention and removal, intelligence, investigations, and inspection functions and personnel to the Under Secretary of Homeland Security for Borders and Transportation), 451(b) (transferring all INS visa, naturalization, asylum, and refugee functions and personnel to the Homeland Director of the Bureau of Citizenship and Immigration Services), 471 (abolishing the INS upon completion of all transfers). For the sake of simplicity and consistency with the record, however, the court will continue to refer to the agency as the "INS" in this opinion.

deported the plaintiff from the United States. *Id.*

The third and final set of proceedings began in December 2000, when the plaintiff reentered the United States. *Id.* at 5–6. Authorities arrested and eventually deported him in June 2001. *Id.*

## B. Procedural History

On May 28, 2002, the plaintiff filed his complaint against a host of defendants. Almost four months later, the plaintiff filed an affidavit documenting his efforts to serve a summons and copy of the complaint on each of the defendants via registered mail.[4] Pl.'s Return of Service/Aff. at 1, Exs. 1–17.

On September 23, 2002, private defendant Boisfeuillet Jones Jr. filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) or (6), asserting both that the plaintiff did not properly effect service on him and that the complaint failed to include any allegations against him. Def. Jones's Mot. at 2. On December 2, 2002, having obtained an extension of time from the court, federal defendants President Bush, Attorney General Ashcroft, Senator Clinton,[5] former President Clinton, United States Immigration Judge Jill H. Dufrense, and INS Deportation Officer Thomas asked the court to dismiss the claims against them pursuant to Rules 8(a) and 12(b)(6). In the alternative, the federal defendants requested that the plaintiff provide a more definite statement of his claims under Rule 12(e).

On January 13, 2003, the court issued an order directing the plaintiff to respond to the motions to dismiss and advising him that the court may treat the motions as conceded if he failed to file a response by February 7, 2003. Order dated Jan. 13, 2003. On March 3, 2003, after learning that the plaintiff had mailed a response to the defendants, the court directed the plaintiff to file that response with the court by March 14, 2003. Order dated Mar. 3, 2003. On March 17, 2003, the plaintiff late-filed a response ("March 17th response").[6] The Clerk of the Court then mailed a copy of the March 17th response to the relevant defendants to ensure that it was consistent with the copy that they had received from the plaintiff. Notice dated Apr. 24, 2003. Those defendants notified the court of discrepancies between the March 17th response and the response that they had received, and provided the court with a copy of the latter. Defs.' Notice dated Apr. 30, 2003. After determining that the plaintiff's March 17th response did not match the one he served on the defendants, the court struck the March 17th response and substituted it with the actual response that the defendants had provided. Order dated May 12, 2003.

With the briefing complete, on July 11, 2003, the court granted federal defendant

---

4. Confusion exists over the exact filing date of the plaintiff's affidavit. The court need not identify the precise date, however, as the date is not relevant for the purposes of this ruling.

5. The plaintiff's August 2003 responses clarify that the plaintiff is suing Senator Hillary Clinton in her personal capacity for acts that she allegedly committed while serving as First Lady. Pl.'s Aug. 2003 Resps. (referring to events occurring from 1995 through 2000). As a result, the United States does not represent the former First Lady in this action unless and until she gives permission for such representation. Fed. Defs.' Mot. at 1 n.1. For the sake of brevity, however, the court will continue to refer to her as a federal defendant.

6. The court overlooked the plaintiff's failure to abide by the deadline because the plaintiff is *pro se* and resides overseas, creating the potential for delay with international mail. *See Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C.Cir.1993) (relaxing the procedural requirements for *pro se* litigants).

Dufrense's motion to dismiss and the other federal defendants' alternative motion for a more definite statement. *Hilska v. Jones*, 217 F.R.D. 16, 24 (D.D.C.2003). The court, however, allowed the plaintiff until August 4, 2003 to clarify his claims against the remaining federal defendants and to provide the jurisdictional grounds as to the foreign defendants, and gave the plaintiff until August 21, 2003 to produce adequate proof of service upon the private defendants. *Id.* at 22–27. Toward that end, the court specifically directed the plaintiff to answer in a filed response the following five questions pertaining to the remaining federal defendants:

(1) What are the specific wrongful acts committed?

(2) Who of the remaining federal defendants committed each of those alleged wrongful acts?

(3) On which date did each of these acts occur?

(4) Where did each of these acts occur? [and]

(5) Is the plaintiff suing President Bush, Attorney General Ashcroft, Senator Clinton, former President Clinton, and INS Deportation Officer Thomas in their *official* capacities?

*Id.* at 25–26. The court cautioned the plaintiff not to go beyond the scope of these questions and notified him that the court would likely dismiss his claims should he fail to comply with the court's instructions. *Id.* (citing Fed. R. Civ. P. 41(b); *Proctor v. Millar Elevator Serv. Co.*, 8 F.3d 824, 826 (D.C.Cir.1993); *Saad v. Burns Int'l Sec. Servs., Inc.*, 456 F.Supp. 33, 36 (D.D.C.1978)).

In August 2003, the plaintiff submitted no less than 14 responses, purporting to demonstrate perfected service and to clarify his claims and jurisdictional grounds.[7] *See generally* Pl.'s Aug. 2003 Resps. On October 24, 2003, the federal defendants filed a motion to dismiss in light of these new responses, this time pursuant to Rule 12(b)(1). On October 28, 2003, the court gave advance notice to the plaintiff that his failure to respond to the Rule 12(b)(1) motion by November 4, 2003 could result in a judgment in favor of the federal defendants. Notice dated Oct. 28, 2003. To date, the plaintiff has failed to file a response. The court now addresses the federal defendants' Rule 12(b)(1) motion and also determines whether it should dismiss the case as to the other defendants.

## III. ANALYSIS

### A. Legal Standards

#### 1. Rule 12(b)(1) Motion to Dismiss

■ Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Because "subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C.Cir.2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)). On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Evans v. B.F. Per-*

---

7. The court's docket indicates that the plaintiff filed an interlocutory appeal on August 8, 2003. The court notes, however, that the plaintiff has not asked the court to certify such an appeal.

kins Co., 166 F.3d 642, 647 (4th Cir.1999); Rasul v. Bush, 215 F.Supp.2d 55, 61 (D.D.C.2002) (Kotelly, J.) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182–83, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). The court may dismiss a complaint for lack of subject-matter jurisdiction only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Empagran S.A. v. F. Hoffman–LaRoche, Ltd., 315 F.3d 338, 343 (D.C.Cir.2003) (quoting Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

■ Because subject-matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. Macharia v. United States, 334 F.3d 61, 64, 69 (D.C.Cir.2003); Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F.Supp.2d 9, 13 (D.D.C.2001). Moreover, the court is not limited to the allegations contained in the complaint. Hohri v. United States, 782 F.2d 227, 241 (D.C.Cir.1986), vacated on other grounds, 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987). Instead, to determine whether it has jurisdiction over the claim, the court may consider materials outside the pleadings. Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C.Cir. 1992).

## 2. Dismissal of Frivolous Claims Pursuant to Rule 12(b)(1)

■ Federal courts have subject-matter jurisdiction over a claim arising under federal law regardless of the plausibility of the plaintiff's allegations. Equal Employment Opportunity Comm'n v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 623 (D.C.Cir.1997); Smith v. Horner, 846 F.2d 1521, 1523 (D.C.Cir.1988). In its discretion, however, a court may dismiss a patently frivolous claim for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1).[8] Hagans v. Lavine, 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (commenting that federal courts lack power to hear cases otherwise within their jurisdiction but that are "so attenuated and unsubstantial" as to be clearly devoid of merit); Bell v. Hood, 327 U.S. 678, 682–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946) (observing that dismissal for lack of subject-matter jurisdiction may result if the federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial and frivolous").

Courts have defined frivolous claims to be those premised on clearly baseless factual allegations that describe fantastic or delusional scenarios, rising to the level of the irrational or the wholly incredible. Best v. Kelly, 39 F.3d 328, 330–31 (D.C.Cir.1994) (describing as frivolous a complaint alleging that "a Secret Branch of the Federal Government" took the plaintiff's face off of his head, went into his skull, and placed a computer chip and camera system there to project images in front of him). Not qualifying as frivolous are claims that are implausible, namely those that are doubtful or of questionable merit. Goosby v. Osser, 409 U.S. 512, 518, 93

---

8. While dismissal for frivolity applies only to claims presenting a federal question, this is not to say that the court may not dismiss a frivolous diversity claim for lack of subject-matter jurisdiction when it does not present an actual case or controversy or if the claim necessarily fails to satisfy the jurisdictional amount required by 28 U.S.C. § 1332(a). Saint Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

S.Ct. 854, 35 L.Ed.2d 36 (1973); *Best,* 39 F.3d at 330–31.

That said, claims that are not frivolous under Rule 12(b)(1) may nevertheless warrant dismissal pursuant to Rule 12(b)(6) for failure to state a claim.[9] *Kleiman v. Dep't of Energy,* 956 F.2d 335, 339 (D.C.Cir.1992) (explaining that the district court improperly dismissed an insubstantial claim pursuant to Rule 12(b)(1) but noting that dismissal under Rule 12(b)(6) would have been appropriate). As the Supreme Court has explained:

> Jurisdiction … is not defeated … by the possibility that the averments might fail to state a cause of action …. Whether the complaint states a cause of action … must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.

*Bell,* 327 U.S. at 682, 66 S.Ct. 773.

Finally, the court must be mindful of other considerations that could weigh on its frivolity determination. For example, a *sua sponte* dismissal for frivolity is "almost always … less preferable than requiring at least some respons[e]" from the defendant. *Brandon v. Dist. of Columbia Bd. of Parole,* 734 F.2d 56, 62 (D.C.Cir.1984). In addition, where appropriate, the relaxed pleading requirements for *pro se* plaintiffs

should temper such a determination. *Anyanwutaku v. Moore,* 151 F.3d 1053, 1058 (D.C.Cir.1998); *Malone v. Colyer,* 710 F.2d 258, 260 (6th Cir.1983) (stating that courts must hold *pro se* litigants to a less stringent standard of frivolity), *disapproved on other grounds, Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

### 3. Dismissal for Failure to Demonstrate Proper Service

Rule 4(m) requires the plaintiff to serve the summons and a copy of the complaint on each named defendant within 120 days of filing the complaint. FED. R. CIV. P. 4(m). If the plaintiff fails either to effect service within the specified time or to show good cause for failing to effect service, the court may dismiss the action without prejudice. *Id.;* LCvR 83.23 (providing that the court may dismiss a case *sua sponte* for failure to prosecute). Consistent with these principles, the D.C. Circuit has held that courts may dismiss a plaintiff's action *sua sponte* where the plaintiff has not complied with Rule 4(m)'s requirements. *Pellegrin & Levine, Chartered v. Antoine,* 961 F.2d 277, 282 (D.C.Cir.1992).

### B. The Court Denies the Federal Defendants' Motion to Dismiss Because the Plaintiff's Claims Do Not Qualify as Frivolous Under Rule 12(b)(1)

The plaintiff's claims are reminiscent of the age-old adage that allegations may be

---

9. *Sua sponte* dismissal under Rule 12(b)(6) is also available in such cases. *Baker v. Dir., United States Parole Comm'n,* 916 F.2d 725, 726 (D.C.Cir.1990) (per curiam) (suggesting that *sua sponte* dismissal under Rule 12(b)(6) is appropriate when the plaintiff "has not advanced a shred of a valid claim"). The D.C. Circuit has reasoned, however, that a *sua sponte* dismissal for failure to state a claim without leave to amend comprises reversible error unless "the claimant cannot possibly win relief." *Davis v. District of Co-* lumbia, 158 F.3d 1342, 1349 (D.C.Cir.1998) (quoting *Baker,* 916 F.2d at 726); *see also Razzoli v. Fed. Bureau of Prisons,* 230 F.3d 371, 377 (D.C.Cir.2000) (quoting *Davis,* 158 F.3d at 1349, and noting that a plaintiff cannot possibly win relief when either "the facts alleged affirmatively preclude relief, or because, even though plaintiff makes clear that he has facts to add to his complaint, he would not have a claim upon which relief could be granted even with those facts").

" 'strange but true; for truth is always strange, Stranger than fiction.' " *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (quoting Lord Byron, Don Juan, canto XIV, stanza 101 (T. Steffan *et al.* eds.1977)). In its last ruling, the court applied the liberal pleading standards afforded to *pro se* litigants and warned the plaintiff that failure to clarify his claims could result in a dismissal of claims against the remaining federal defendants. *Hilska*, 217 F.R.D. at 26. As noted, the court asked the plaintiff to answer specific questions designed to assist the court and these defendants in ascertaining whether the plaintiff's claims can survive a motion to dismiss. *Id.* at 25–26. In addition, the court instructed the plaintiff that his response should not go beyond the scope of the court's inquiry. *Id.* at 26. Rather than responding to the court's questions and shedding light on his claims, the plaintiff has done nothing to lift the cloud of confusion that surrounds the complaint's fragmented and unrelated allegations. Indeed, the plaintiff merely submits an extensive narrative of disconnected events and incoherent stories, interspersing unfocused accusations against various defendants. *See generally* Pl.'s Aug. 2003 Resps. The court places to one side the plaintiff's disregard for the court's directive that he file one response, instead submitting a total of 14 responses. *Id.*

Despite the court's warning that it may treat the Rule 12(b)(1) motion as conceded if the plaintiff fails to file a response, the plaintiff has failed to do so. Notice dated Oct 28, 2003. Thus, the court may either grant the motion to dismiss as conceded or proceed to explore its merits. The court elects to do the latter.

The plaintiff claims that the federal defendants directed authorities at Dorchester Detention Center in Maryland to administer medication to him, which caused "a splitting headache, strong pain in the urinary tract and intense tumefaction in [his] feet." Compl. at 5. The plaintiff further alleges that federal defendants Senator Clinton and former President Clinton broke into the plaintiff's luggage and stole its contents while the plaintiff was in a local airport. Pl.'s Opp'n dated Jan. 24, 2003; Pl.'s Aug. 2003 Resps. The plaintiff also claims that, at the direction of the federal defendants, the plaintiff was kept "seriously injured in [a] cold cell for killing purposes" from November 30, 1999 through July 14, 2000. *Id.* Finally, throughout the plaintiff's complaint and subsequent filings, the plaintiff repeats that various individuals are guilty of "tightening up his situation." *See generally* Compl.; Pl.'s Aug. 2003 Resps.

■ Although the plaintiff's claims are implausible, they technically do not qualify as "frivolous" for Rule 12(b)(1) purposes. *Hagans*, 415 U.S. at 536–37, 94 S.Ct. 1372; *Bell*, 327 U.S. at 682–83, 66 S.Ct. 773; *Best*, 39 F.3d at 330–31. Indeed, the doubtful nature of the plaintiff's claims does not defeat the court's jurisdiction. *Id.; see also Goosby*, 409 U.S. at 518, 93 S.Ct. 854. Accordingly, the court must deny the federal defendants' motion. Dismissal may be appropriate, however, had the federal defendants renewed their Rule 12(b)(6) motion. *Kleiman*, 956 F.2d at 339. Thus, the case continues against the remaining federal defendants.

### C. The Court Dismisses With Prejudice the Plaintiff's Claims Against the Remaining Foreign Defendants for Failing to Demonstrate Subject–Matter Jurisdiction

Notwithstanding the court's detailed guidance, the plaintiff has not clarified the court's subject-matter jurisdiction over the foreign defendants. *Hilska*, 217 F.R.D. at 26. In other words, the plaintiff has failed

to carry his burden in demonstrating that this court has subject-matter jurisdiction over these claims. *Evans,* 166 F.3d at 647; *Rasul,* 215 F.Supp.2d at 61. As expected, the court dismisses with prejudice the plaintiff's claims against these defendants. *Id.; Hilska,* 217 F.R.D. at 26.

**D. The Court Dismisses Without Prejudice the Plaintiff's Claims Against the Private Defendants for Failing to Demonstrate Service of Process**

The court has discretion to dismiss claims against named defendants not properly served within 120 days of the filing of the complaint. FED. R. CIV. PROC. 4(m). In this case, the plaintiff filed his complaint on May 28, 2002. Compl. at 1. Because of the plaintiff's *pro se* status and in acknowledgement of the logistical problems associated with international service of process, the court allowed him more than 15 months—through August 31, 2003—to produce adequate proof of perfected service as to defendants Jones and Sané. *Hilska,* 217 F.R.D. at 22–23; Order dated July 11, 2003. Thus, the plaintiff had well beyond the 120 days provided him under the federal rules to perfect service on these defendants or to show good cause for failing to do so. FED. R. CIV. P. 4(m); LCvR 83.23.

 In spite of the court's patience, the plaintiff still fails to produce evidence of having served these defendants and has made no effort to show good cause for his failure to comply with the court's order. *See generally* Pl.'s Aug. 2003 Resps. As a result, the court dismisses without prejudice the plaintiff's claims against defendants Jones and Sané. FED. R. CIV. P. 4(m); LCvR 83.23; *Pellegrin & Levine, Chartered,* 961 F.2d at 282.

**IV. CONCLUSION**

For the foregoing reasons, the court denies the federal defendants' motion to dismiss. In addition, the court dismisses with prejudice the plaintiff's claims against the remaining foreign defendants. Furthermore, the court dismisses without prejudice the plaintiff's claims against defendants Jones and Sané. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 15th day of December 2003.