Jesse **RILES**, Plaintiff,

v.

Timothy **GEITHNER**, Secretary, United States Department of the Treasury, et al., Defendants.

Civil Action No. 09–0214 (PLF).

United States District Court, District of Columbia.

July 2, 2009.

Jesse Riles, Washington, DC, pro se.

Wynne Patrick Kelly, U.S. Attorney's Office, Washington, DC, for Defendants.

### *MEMORANDUM OPINION*

PAUL L. FRIEDMAN, District Judge.

This matter is before the Court on *pro se* plaintiff Jesse Riles' motion for a preliminary injunction; defendants' opposition thereto and motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure; and several miscellaneous motions filed by Mr. Riles.[1] For the reasons stat-

---

1. The papers submitted in connection with this matter include: Plaintiff's Motion for a Preliminary Injunction to End the Investigation ("P.I. Mot."); Defendants' Motion to Dismiss the Complaint and Opposition to Plaintiff's Motion for a Preliminary Injunction ("Def. Mot."); Plaintiff's Opposition to Defen-

dant's Motion to Dismiss the Complaint; Defendants' Reply in Support of their Motion to Dismiss the Complaint; Plaintiff's Surreply in Support of Denying Defendants' Motion to Dismiss the Complaint; Plaintiff's Motion to Amend the Complaint ("Mot. Amend"); Plaintiff's Motion to Put the Burden of Proof

ed below, the Court will grant defendants' motion and dismiss Mr. Riles' complaint for lack of subject matter jurisdiction.

## I. BACKGROUND

Mr. Riles brings suit against Timothy Geithner, in his official capacity as the Secretary of the United States Department of the Treasury; Janet Napolitano, in her official capacity as the Secretary of the United States Department of Homeland Security; and "John Doe." Complaint at 1 ("Compl."). The gist of Mr. Riles' complaint is that the defendants have, without his consent, "engaged in activities with the use[ ] of technology that allow[ ] them to know what he [is] thinking[.]" *Id.* at 2; *see also id.* at 4 (complaining that he "will never have a private thought or conversation" so long as defendants continue these alleged activities). Specifically, Mr. Riles claims that the defendants are using mind-reading technology to surveil and investigate his private affairs, including his sexual habits and his financial dealings; to sabotage his relationships; to prevent him from "engaging in his chosen occupation of bookkeeping and tax preparation"; to prevent others from buying his book and interviewing him; and to spread malicious rumors about him. *See id.* at 2–4. Relatedly, Mr. Riles alleges that the defendants have told him that his parents are dead; that "his son is in their [possession]"; and that they intend to kill him. *Id.* at 4. According to Mr. Riles, the defendants have violated his fundamental rights, including his right to privacy; denied him his rights to due process and equal protection of the laws; subjected him to cruel and unusual punishment; misappropriated his thoughts without just compensation;

and caused him to suffer substantial mental and emotional suffering. *See id.* at 2–4. He therefore seeks a preliminary injunction to end the defendants' alleged mind-reading, investigation and harassment. *See* P.I. Mot. at 1. He also seeks $50,000,000 in compensatory and punitive damages. *See* Compl. at 4.

The government seeks dismissal of Mr. Riles' complaint, principally on the grounds that (1) Mr. Riles' claims are obviously frivolous, and (2) federal courts lack subject matter jurisdiction over such claims. *See* Def. Mot. at 1. Because the Court agrees with the government on both points, it will grant the government's motion to dismiss, dismiss Mr. Riles' complaint for lack of subject matter jurisdiction, and deny Mr. Riles' motion for a preliminary injunction. The Court will dispose of Mr. Riles' other motions as described below.

## II. DISCUSSION

### A. *Mr. Riles' Motion to Amend the Complaint*

The Court normally would grant Mr. Riles' motion to amend his complaint because a plaintiff is entitled to amend his complaint once as a matter of course before being served with a responsive pleading. *See* FED.R.CIV.P. 15(a)(1)(A). Because Mr. Riles' motion to amend is not accompanied by an amended complaint, however, he is in violation of the Rules of this Court. *See* L. CIV. R. 15.1 ("A motion for leave to file an amended pleading shall be accompanied by an original of the pro-

---

on the Defendants; Plaintiff's Motion for Discovery; and Plaintiff's Motion to Appoint Counsel.

Though plaintiff moved for a preliminary injunction at the outset of this case, his prose-

cution of the case since that time has shown that the expeditious consideration that the Court would normally give to a motion for a preliminary injunction was unnecessary.

posed pleading as amended."). The Court therefore will deny the motion.[2]

### B. Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction

 The defendants contend that Mr. Riles' complaint must be dismissed for lack of subject matter jurisdiction because his claims are obviously frivolous. " '[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, ... wholly insubstantial, [or] obviously frivolous[.]' " *Watson v. United States,* Civil Action No. 09–0268, 2009 WL 377136, at *1 (D.D.C. Feb. 13, 2009) (quoting *Hagans v. Lavine,* 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974)) (internal quotation marks and citations omitted). *See also Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); *Best v. Kelly,* 39 F.3d 328, 330 (D.C.Cir.1994). Thus, such claims must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. To be dismissed on this ground, the claims in question must "be flimsier than 'doubtful or questionable'—they must be 'essentially fictitious.' " *Best v. Kelly,* 39 F.3d at 330 (quoting *Hagans v. Lavine,* 415 U.S. at 536–37, 94 S.Ct. 1372). Claims that are essentially fictitious include those that allege "bizarre conspiracy theories, ... fantastic government manipulations of [the] will or mind, [or] any sort of supernatural intervention." *Best v. Kelly,* 39 F.3d at 330.

 Here, "[e]ven a cursory review of the complaint ... reveals that plaintiff's allegations meet this ['essentially fictitious' or 'obviously frivolous'] standard." *Wat-*

*son v. United States,* 2009 WL 377136 at *1. As noted above, Mr. Riles alleges that the Department of the Treasury, the Department of Homeland Security, and one John Doe are using mind-reading technology to (among other things) monitor his thoughts, intrude upon his private affairs, turn others against him, and destroy his livelihood. These are surely "bizarre conspiracy theories" involving "fantastic government manipulations" of Mr. Riles' mind—not to mention the minds of his family members, friends and acquaintances. *Best v. Kelly,* 39 F.3d at 330. Nor do Mr. Riles' factual allegations even arguably serve to remove his claims from the realm of the "essentially fictitious." *Compare Hilska v. Jones,* 297 F.Supp.2d 82, 89 (D.D.C.2003) (claims held implausible, but not fictitious or frivolous). The Court assumes, for purposes of this Memorandum Opinion, that Mr. Riles suffered all of the personal and professional frustrations alluded to in his complaint. Nevertheless, his claims still must be regarded as "wholly insubstantial" because he identifies no facts or circumstances to suggest that those misfortunes occurred because agents of the federal government have been monitoring his thoughts, investigating him, or harassing him. Thus, even though complaints filed by *pro se* litigants such as Mr. Riles are held to less stringent standards than those filed by attorneys, the Court is bound to dismiss Mr. Riles' complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Curran v. Holder,* 626 F.Supp.2d 30, 34–35 (D.D.C.2009); *Richards v. Duke University,* 480 F.Supp.2d 222, 232–34 (D.D.C.2007); *Roum v. Bush,* 461 F.Supp.2d 40, 46

---

2. Even if the Court granted the motion and disregarded those parts of the complaint that arguably fall under the purview of the Federal Tort Claims Act, *see* Mot. Amend at 1, the jurisdictional defect described below would remain and require dismissal of Mr. Riles' lawsuit.

4

(D.D.C.2006); *Bestor v. Lieberman,* Civil Action No. 03–1470, 2005 WL 681460, at \*2 (D.D.C. Mar. 11, 2005); *Carone–Ferdinand v. Central Intelligence Agency,* 131 F.Supp.2d 232, 234–35 (D.D.C.2001).

### C. Loose Ends

Because the Court is dismissing Mr. Riles' complaint for lack of subject matter jurisdiction, there is no need to address his motion for a preliminary injunction. That motion therefore will be denied as moot. The rest of Mr. Riles' motions are plainly without merit and will be denied. An Order consistent with this Memorandum Opinion shall be issued this same day.

SO ORDERED.