JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is
ORDERED AND ADJUDGED that the district court’s July 22, 2009, 2009 WL 2216787, order be affirmed. The district court correctly concluded that appellant’s complaint was frivolous. See Best v. Kelly, 39 F.3d 328 (D.C.Cir.1994). Moreover, appellant’s complaint in No. 09-cv-214 was dismissed for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1), on the ground that his claims were wholly insubstantial. See Riles v. Geithner, — F.Supp.2d ——, 2009 WL 1886214 (D.D.C.2009). Because appellant’s complaint in this case presents the same jurisdictional issue, he is precluded from asserting that the district court has jurisdiction to grant the relief he requests. See GAF Corp. v. United States, 818 F.2d 901, 912 (D.C.Cir.1987) (“The judgment ordering dismissal will ... have preclusive effect as to matters actually adjudicated; it will, for example, preclude relitigation of the precise issue of jurisdiction that led to the initial dismissal.”). Regarding appellant’s contention that the district court judge should be recused, appellant has failed to allege a valid basis for recusal. See Liteky v. Unit *193 ed States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (judicial rulings alone almost never constitute a valid basis for a bias or partiality motion); Rafferty v. NYNEX Corp., 60 F.3d 844 (D.C.Cir.1995) (no bias shown where party’s inference of bias, based on unfavorable judicial rulings and from court delays, was not supported by evidence).
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.